**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| REJON TAYLOR, *et al.*, <br><br>         *Plaintiffs,* <br><br>    v. <br><br> DONALD J. TRUMP, *et al.*, in their official capacities, <br><br>         *Defendants*, <br><br>     and <br><br><br> WESLEY COONCE, Reg. 30011-039 <br> U.S.P. Terre Haute SCU-FCC <br> P.O. Box 33 <br> Terre Haute, IN 47808 <br><br>         *Proposed Plaintiff-Intervenor.* | Case No: 1:25-cv-03742-TJK |

**PLAINTIFF-INTERVENOR'S REPLY IN SUPPORT
OF MOTION TO INTERVENE UNDER RULE 24(b)**

As with their objection to the mechanism by which Plaintiff-Intervenors Mikos and Runyon seek to join this action, *see generally* ECF 46,[1] Defendants again make clear that they do not object to all Plaintiff-Intervenors joining this lawsuit after completing the administrative appeals of their ADX redesignations. *See generally* ECF 60. Yet, as with their previous response, Defendants fail to engage with the reason Plaintiff-Intervenors are using Rule 24(b), rather than Rule 15(a)(1), as the procedural mechanism by which they chose to join this action. *See id*. In

---

[1] Defendants' response to Plaintiff-Intervenor Coonce's motion to intervene is effectively the same as their objection to the same motion by Plaintiff-Intervenors Ronald Mikos and David Runyon. *See generally* ECF 46.

1

doing so, Defendants once again ignore the impact of *Jackson v. District of Columbia*, 254 F.3d 262 (D.C. Cir. 2001), which instructs that plaintiffs cannot cure exhaustion issues that existed when the complaint was filed by simply amending the complaint.[2] *Id.* at 269-71.

While Defendants agreed not to challenge Mr. Coonce's constructive exhaustion if he joined the *Taylor II* lawsuit,[3] Plaintiff-Intervenor Coonce moved under Rule 24(b) for the sake of uniformity with previous Plaintiff-Intervenors and out of an abundance of caution to avoid any future litigation regarding exhaustion.[4] Once allowed to intervene, Mr. Coonce will file his intervening complaint well past the date of exhaustion. ECF 41-1 at 3.

Thus, the Court should grant Plaintiff-Intervenor's motion to intervene.

---

[2] While Plaintiff-Intervenors recognize *Jackson*'s precedential value to this Court, they do not concede that it provides a correct statement of law on this point. *See, e.g.*, *Garrett v. Wexford Health*, 938 F.3d 69, 88 (3d Cir. 2019) (holding that Rule 15 amendment after exhaustion can "cure the original filing defect (*i.e.*, [the plaintiff's] failure to exhaust administrative remedies)").

[3] *See Taylor I*, ECF 70 ("As such, Defendants agree not to raise arguments challenging Plaintiff Coonce's exhaustion regarding his designation to ADX in this case or in the related case [(*Taylor II*)].")

[4] Defendants assert that Plaintiff-Intervenors are using Rule 24(b) instead of Rule 15(a)(1) "because they want to preserve their ability to further amend their complaint 'as a matter of course.'" ECF 60. This assertion is unfounded and continues to ignore the reasons Plaintiff-Intervenors have provided to explain their reliance on Rule 24(b).

Dated: February 3, 2026
        New York, NY

Brian Stull, N.C. 36002*
Claudia Van Wyk, Penn. 95130*
**ACLU FOUNDATION**
201 W. Main St., Ste. 402
Durham, NC 27701
Tel: (919) 682-5659
bstull@aclu.org
cvanwyk@aclu.org


Corene T. Kendrick, Cal. 226642*
**ACLU FOUNDATION**
425 California St., Ste. 700
San Francisco, CA 94104
Tel: (202) 393-4930
ckendrick@aclu.org

Laura Rovner, Colo. 35592
Nicole Godfrey, Colo. 41546
Miriam Kerler, Colo. 56575
**STUDENT LAW OFFICE**
**UNIVERSITY OF DENVER**
**STURM COLLEGE OF LAW**
2255 E. Evans Ave., Ste. 335
Denver, CO 80210
Tel: (303) 871-6140
laura.rovner@du.edu
nicole.godfrey@du.edu
miriam.kerler@du.edu

David C. Fathi, Wash. 24893***
Maria V. Morris, D.C. 1697904
Carmen Iguina González, D.C. 1644730
**ACLU FOUNDATION**
915 15th Street NW
Washington, DC 20005
Tel: (202) 393-4930
dfathi@aclu.org
mmorris@aclu.org
ciguinagonzalez@aclu.org

*Attorneys for Plaintiffs*

Respectfully submitted,

*/s/ David Patton*
David Patton*
Ian Robertson*
Krysta Kilinski*
**HECKER FINK LLP**
350 Fifth Ave, 63rd Floor
New York, NY 10118
Tel: (212) 763-0883
dpatton@heckerfink.com
irobertson@heckerfink.com
kkilinski@heckerfink.com


Sara Norman, Cal. 189536*
**LAW OFFICES OF SARA NORMAN**
P.O. Box 170462
San Francisco, CA 94117
Tel: (415) 236-3763
sara@saranormanlaw.com


C.J. Sandley, Ala. 5317-S48R*
Kayla Vinson, Ala. 3664-S48Q*
D. Korbin Felder, Miss. 106643*
**CENTER FOR CONSTITUTIONAL RIGHTS**
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6443
csandley@ccrjustice.org
kvinson@ccrjustice.org
kfelder@ccrjustice.org



Martin Totaro, D.C. 983193
**HECKER FINK LLP**
1050 K Street NW, Suite 1040
Washington, DC 20001
Tel: (202) 742-2661
mtotaro@heckerfink.com

*\* Admitted pro hac vice.*
*\*\*Pro hac vice application pending.*
*\*\*\* Not admitted in D.C; practice limited to*
*federal courts. Admitted pro hac vice.*

3