**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| REJON TAYLOR, *et al.*,<br><br>      *Plaintiffs*,<br><br>      v.<br><br>DONALD J. TRUMP, *et al.*, in their official capacities,<br><br>      *Defendants*,<br><br>      and<br><br>DAVID RUNYON, Reg. 57997-083<br>U.S.P. Terre Haute SCU-FCC<br>P.O. Box 33<br>Terre Haute, IN 47808<br><br>RONALD MIKOS, Reg. 20716-424<br>U.S.P. Terre Haute SCU-FCC<br>P.O. Box 33<br>Terre Haute, IN 47808<br><br>WESLEY COONCE, Reg. 30011-039<br>U.S.P. Terre Haute SCU-FCC<br>P.O. Box 33<br>Terre Haute, IN 47808<br><br>      *Proposed Plaintiff-Intervenors.* | Case No. 25 Civ. 3742 (TJK) |

**REPLY IN SUPPORT OF PLAINTIFFS'
EMERGENCY MOTION FOR AN ADMINISTRATIVE INJUNCTION OR,
ALTERNATIVELY, AN INJUNCTION PENDING APPEAL**

Defendants offer no substantive response to Plaintiffs' Emergency Motion for an Administrative Injunction or, in the Alternative, an Injunction Pending Appeal. *See* ECF 65. They do not contest that this Court has authority to issue a temporary administrative injunction that would place on hold Plaintiffs' transfer to the U.S. Penitentiary Florence Administrative Maximum Facility ("ADX") so that this Court and, if necessary, the D.C. Circuit can have sufficient time to resolve Plaintiffs' pending Motion for a Temporary Restraining Order, ECF 4, which this Court converted into a Motion for a Preliminary Injunction, Tr. 68:14-17; ECF 65, at 1 n.1. They do not dispute that an administrative injunction is a narrowly tailored, temporary measure designed solely to preserve the Court's jurisdiction and ensure that its forthcoming decision remains effective. Nor do they deny the Court's authority, if it denies Plaintiffs' pending preliminary-injunction motion, to issue simultaneously an injunction pending appeal to the D.C. Circuit, to allow Plaintiffs to expeditiously seek review. They further offer no response to the common-sense point that the transfer of Plaintiffs to ADX—only to be returned to USP-Terre Haute if Plaintiffs prevail on their motion—would present significant administrative and logistical burdens that could be avoided by maintaining the status quo while their motion is pending before this Court or, in the event the motion is denied, on appeal in the D.C. Circuit. And they do not deny that Plaintiffs have remained at USP-Terre Haute without incident in the months since Defendants unjustly sought to transfer them to ADX.

Instead, Defendants state that their opposition to Plaintiffs' preliminary-injunction motion, of itself, provides sufficient grounds for this Court to deny Plaintiffs' emergency motion. But if a non-movant could merely rely on its prior opposition to a preliminary injunction, rather than offering arguments responsive to the reasons for an administrative injunction or injunction pending appeal, those temporary measures would *never* be appropriate. That is not the law. *See, e.g., United*

1

*States v. Facebook, Inc.*, No. 19 Civ. 2184, 2024 WL 291739, at *1 (D.D.C. Jan. 12, 2024) (Kelly, J.) ("Rule 62(d) necessarily envisions situations in which a district court that has denied an injunction still grants an injunction pending appeal.").

In light of the serious legal questions raised by Plaintiffs' preliminary-injunction motion, as well as the significant harm that would be inflicted on Plaintiffs if they are transferred to ADX only to be returned at a later date, this Court should grant an administrative injunction while Plaintiffs' motion is resolved. That is particularly appropriate because the government has waited months before seeking to transfer Plaintiffs; a further delay of modest duration to allow judicial review of Defendants' unprecedented actions will impose no cognizable harm on Defendants.

Alternatively, in the event that this Court denies Plaintiffs' preliminary-injunction motion (with or without having granted the administrative injunction), it should grant an injunction pending appeal. Plaintiffs respectfully request that the Court issue an administrative injunction or rule on Plaintiffs' preliminary-injunction motion by 5 p.m. on February 11, to allow for time to appeal before any transfer.[1]

---

[1] Otherwise, Plaintiffs note their plan to seek further review before the D.C. Circuit. *See* 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2962 (3d ed. 1998) ("[W]hen a court declines to make a formal ruling on a motion for a preliminary injunction, but its action has the effect of denying the requested relief, its refusal to issue a specific order will be treated as equivalent to the denial of preliminary injunction and will be appealable."). Plaintiffs would not take this step lightly, but only to protect themselves from Defendants' unlawful actions, which will impose grievous harm. In light of Defendants' omission of any substantive response to Plaintiffs' request for a short administrative injunction, however, Plaintiffs hope to avoid the necessity of seeking emergency relief from the D.C. Circuit.

Dated: February 10, 2026
        New York, NY

Brian Stull, N.C. 36002*
Claudia Van Wyk, Penn. 95130*
**ACLU FOUNDATION**
201 W. Main St., Ste. 402
Durham, NC 27701
Tel: (919) 682-5659
bstull@aclu.org
cvanwyk@aclu.org

Corene T. Kendrick, Cal. 226642*
**ACLU FOUNDATION**
425 California St., Ste. 700
San Francisco, CA 94104
Tel: (202) 393-4930
ckendrick@aclu.org

Laura Rovner, Colo. 35592
Nicole Godfrey, Colo. 41546
Miriam Kerler, Colo. 56575
**STUDENT LAW OFFICE**
**UNIVERSITY OF DENVER**
**STURM COLLEGE OF LAW**
2255 E. Evans Ave., Ste. 335
Denver, CO 80210
Tel: (303) 871-6140
laura.rovner@du.edu
nicole.godfrey@du.edu
miriam.kerler@du.edu

David C. Fathi, Wash. 24893***
Maria V. Morris, D.C. 1697904
Carmen Iguina González, D.C. 1644730
**ACLU FOUNDATION**
915 15th Street NW
Washington, DC 20005
Tel: (202) 393-4930
dfathi@aclu.org
mmorris@aclu.org
ciguinagonzalez@aclu.org

*Attorneys for Plaintiffs*

Respectfully submitted,

*/s/ David Patton*
David Patton*
Ian Robertson*
Krysta Kilinski*
**HECKER FINK LLP**
350 Fifth Ave, 63rd Floor
New York, NY 10118
Tel: (212) 763-0883
dpatton@heckerfink.com
irobertson@heckerfink.com
kkilinski@heckerfink.com

Sara Norman, Cal. 189536*
**LAW OFFICES OF SARA NORMAN**
P.O. Box 170462
San Francisco, CA 94117
Tel: (415) 236-3763
sara@saranormanlaw.com

C.J. Sandley, Ala. 5317-S48R*
Kayla Vinson, Ala. 3664-S48Q*
D. Korbin Felder, Miss. 106643*
**CENTER FOR CONSTITUTIONAL RIGHTS**
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6443
csandley@ccrjustice.org
kvinson@ccrjustice.org
kfelder@ccrjustice.org

Martin Totaro, D.C. 983193
**HECKER FINK LLP**
1050 K Street NW, Suite 1040
Washington, DC 20001
Tel: (202) 742-2661
mtotaro@heckerfink.com

*\* Admitted pro hac vice.*
*\*\* Pro hac vice application forthcoming.*
*\*\*\* Not admitted in D.C; practice limited to*
*federal courts. Admitted pro hac vice.*

3

**CERTIFICATE OF SERVICE**

I, David Patton, certify that a copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will cause a copy to be delivered to all counsel of record.

Dated: February 10, 2026

By: */s/ David Patton*
David Patton