**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

REJON TAYLOR et al.,

      *Plaintiffs*,

  v.

DONALD J. TRUMP et al.,

      *Defendants*.

Civil Action No. 25-3742 (TJK)

**ORDER**

David Runyon, Ronald Mikos, and Wesley Coonce—plaintiffs in *Taylor v. Trump,* Case No. 25-cv-1161—have filed three sets of motions.  First, they have moved to intervene as Plaintiff-Intervenors in this case and bring the same claims as the Health Care Plaintiffs subgroup.  *See* ECF Nos. 41, 55.  Second, they have also, contingent upon becoming Plaintiff-Intervenors, moved to join the existing motion for a temporary restraining order.  *See* ECF Nos. 43, 57.  Third, they have moved for leave to file unredacted versions of their prior two sets of motions under seal.  *See* ECF Nos. 40, 42, 54, 56.  Though Runyon and Mikos filed their set of motions together earlier and Coonce filed separately later, the substance of the two waves of motions are identical, so the Court will resolve them together.

On the first set of motions, Defendants do not oppose the outcome Runyon, Mikos, and Coonce seek: that the three enter this suit and bring the same claims that the existing Health Care Plaintiffs do.  *See* ECF No. 46.  Defendants only disagree as to the procedural method the three have chosen.  Runyon, Mikos, and Coonce move to intervene under Federal Rule of Civil Procedure 24, which permits the Court to admit as plaintiff-intervenors anyone who "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  Defendants do not dispute that that standard is met; they only argue that the three

should enter via amendment under Federal Rule of Civil Procedure 15, which currently allows the existing Plaintiffs in the case to amend their pleading "once as a matter of course" without the Court's permission.  Fed R. Civ. P. 15(a)(1).

It is true that an amendment under Rule 15(a) would be the simplest way to add Runyon, Mikos, and Coonce to this case.  But as Plaintiffs point out, an amendment to a complaint does not ordinarily cure a failure to comply with the Prison Litigation Reform Act's administrative exhaustion requirement.  *See Jackson v. District of Columbia,* 254 F.3d 262, 270 (D.C. Cir. 2001).  To be sure, *Jackson* addressed a situation where plaintiffs who were already in the case attempted to amend their complaint, whereas here, Runyon, Mikos, and Coonce are attempting to enter this action for the first time.  But because an amendment to add Runyon, Mikos, and Coonce would "assert[] a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading," Rule 15(c) would seemingly mandate that the date of Runyon, Mikos, and Coonce's claims relate back to the initial filing of this suit.  Fed. R. Civ. P. 15(c); *see also Krupski v. Costa Corciere S.p.A.*, 560 U.S. 538, 553 (2010) ("Rule [15(c)] mandates relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion.").  And the initial filing of this suit occurred before Runyon, Mikos, and Coonce's administrative exhaustion.  So adding them by Rule 15(a) amendment would likely defeat the purpose of this *Taylor II* action, which was filed as a separate action precisely to avoid the administrative exhaustion failures that plagued *Taylor I.*  Thus, it is **ORDERED** that Runyon, Mikos, and Coonce's Motions to Intervene, ECF Nos. 41 and 55, are **GRANTED**.  The Clerk of Court is directed to update the caption of the case to reflect the new parties.

In the second set of motions, the three Plaintiff-Intervenors request to join Plaintiffs' existing motion for a temporary restraining order.  *See* ECF No. 43, 57.  Plaintiff-Intervenors, who are now parties to the suit, need not seek the Court's leave to file or join motions; a notice of

joinder coupled with any supplemental arguments is all that is needed.  *See, e.g.*, *Citizens for Responsibility and Ethics in Wash. v. FEC*, 243 F. Supp. 3d 91, 93, 103 n.7 (D.D.C. 2017).  Out of an abundance of caution, however, it is **ORDERED** that Plaintiff-Intervenors' Motions for Joinder, ECF Nos. 43 and 57, are **GRANTED.**

Finally, as to the third set of motions, Defendants do not oppose Plaintiff-Intervenors' motions to file unredacted versions of the aforementioned motions under seal.  *See* ECF Nos. 47, 48. Because Defendants do not oppose, and because the Court finds that the six *Hubbard* factors support sealing the motions, which contain sensitive medical information, it is hereby **ORDERED** that the Sealed Motions for Leave to File Document Under Seal, ECF Nos. 40, 42, 54, and 56, are **GRANTED**.

**SO ORDERED**.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: February 11, 2026

3