**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

REJON TAYLOR, *et al.*,

    *Plaintiffs,*

  v.

DONALD J. TRUMP, *et al.*, in their official
capacities,

    *Defendants,*

   and

DAVID RUNYON, Reg. 57997-083
U.S.P. Terre Haute SCU-FCC
P.O. Box 33
Terre Haute, IN 47808

RONALD MIKOS, Reg. 20716-424
U.S.P. Terre Haute SCU-FCC
P.O. Box 33
Terre Haute, IN 47808

    *Proposed Plaintiff-
Intervenors.*

**FILED UNDER SEAL**

Case No. 25 Civ. 3742 (TJK)

**[PROPOSED] COMPLAINT IN INTERVENTION
FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs in intervention David Runyon and Ronald Mikos (hereafter "Plaintiff-Intervenors"), by and through their undersigned attorneys, allege as follows.

1. Plaintiff-Intervenors seek declaratory and injunctive relief arising out of the Trump Administration's express targeting of the people who had recently received clemency from their federal death sentences, for categorical, unlawful, and unconstitutional punishment of incarceration in conditions of "monstrosity" at the Federal Bureau of Prisons ("BOP") supermax—

the United States Penitentiary Florence Administrative Maximum Facility ("ADX") in Florence, Colorado.

Plaintiff-Intervenors were among numerous plaintiffs in *Taylor v. Trump*, 25-cv-1161-TJK, 788 F. Supp. 3d 1 (D.D.C. 2025) (*Taylor I*), who sought substantially the same relief based on the same legal claims as they now seek in the present action, *Taylor v. Trump*, 25-cv-3742-TJK (*Taylor II*). In *Taylor I*, the Court declined to grant a preliminary injunction to the plaintiffs based on their failure to complete the BOP's administrative appeal process for designations to ADX. *Taylor I*, 788 F. Supp. 3d at 8-13. Since then, most of the *Taylor I* plaintiffs have completed the administrative appeals process, voluntarily dismissed their claims in *Taylor I*, and filed a new action, *Taylor II*. Plaintiff-Intervenors, having now completed the administrative appeals process, seek to join the new action. Plaintiff-Intervenors now move to intervene in *Taylor II*. Assuming their Motion to Intervene is granted, upon that order, Plaintiff-Intervenors Runyon and Mikos will immediately file a voluntary dismissal in *Taylor I*.

2.      Plaintiff-Intervenors wish to pursue the same claims that are asserted in *Taylor II* and to receive the benefit of such relief as the court may grant in *Taylor II*.[1]  Plaintiff-Intervenors therefore adopt by reference the allegations and legal claims asserted in the *Taylor II* complaint, with a few additions as necessary because of each one's personal circumstances, set out below.

**<u>David Runyon</u>**

3.      Plaintiff-Intervenor David Runyon, age 54, was sentenced to death in 2009 by the federal district court for the Eastern District of Virginia. President Biden commuted his death sentence to life without the possibility of parole on December 23, 2024.

---

[1] Plaintiff-Intervenors also intend to file a forthcoming motion to join the *Taylor II* Plaintiff's Motion for a Temporary Restraining Order, ECF No. 4. During the October 28, 2025 hearing, the Court expressed that it intended "to convert the [Motion for a Temporary Restraining Order] to a [Motion for a Preliminary Injunction] and grant or deny a [preliminary injunction]."

4.      Plaintiff-Intervenor Runyon completed the last step in the BOP's administrative appeals process for ADX redesignations when the BOP General Counsel's office denied his BP-11 appeal on December 1, 2025.

5.      Mr. Runyon, like the other plaintiffs listed in ¶ 13 of the *Taylor II* complaint, has serious, diagnosed medical and mental health conditions that require treatment and care far beyond what can be provided at ADX. ████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

6.      On information and belief, Defendant BOP initially determined that Mr. Runyon was not appropriate for placement at ADX.

7.      Nevertheless, Defendants BOP, William Marshall, Joshua J. Smith, Shane Salem, Erica Strong, and Andre Matevousian ("BOP Defendants") redesignated Mr. Runyon to ADX on or around June 3, 2025, and have denied all his administrative appeals of that redesignation decision in accordance with the Redesignation Directive and Mandatory ADX Policy.

8.      Mr. Runyon, like the other plaintiffs listed in ¶ 136 of the *Taylor II* complaint, has mental health conditions that constitute serious mental illness pursuant to BOP policy.

9.      ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████

10.     ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████

11. ███████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

12. The transport to ADX alone presents substantial health risks to Mr. Runyon as he will have no ability to safely care for his medical and mental health needs during a ground commute likely to exceed 18 hours in full restraints.

13. Mr. Runyon, like the other plaintiffs listed in ¶ 156 of the *Taylor II* complaint, has serious mental health conditions and cognitive impairments and faces significant short-term and long-term risks of harm from the transportation process to ADX.

14. Mr. Runyon, like the other plaintiffs listed in Count 4, ¶ 190 of the *Taylor II* complaint, has been diagnosed with serious medical and mental health conditions, and the allegations of Count 4 in its entirety are equally applicable to him.

**Ronald Mikos**

15. Plaintiff-Intervenor Ronald Mikos, age 77, was sentenced to death in 2006 by the federal district court for the Northern District of Illinois. President Biden commuted his death sentence to life without the possibility of parole on December 23, 2024.

16. Plaintiff-Intervenor Mikos completed the last step in the BOP's administrative appeals process for ADX redesignations when the BOP General Counsel's office denied his BP-11 appeal on December 5, 2025.

17. Mr. Mikos, like the other plaintiffs listed in ¶ 13 of the *Taylor II* complaint, has serious, diagnosed medical conditions that require treatment and care far beyond what can be

provided at ADX. ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████

18.    ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

19.    ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████

20.    On information and belief, Defendant BOP initially determined that Mr. Mikos would be redesignated to either a Federal Medical Center or a USP capable of housing people classified Medical Care Level 3, and found that he was not appropriate for placement at ADX.

21.    Nevertheless, BOP Defendants redesignated Mr. Mikos to ADX on or around June 3, 2025, and have denied all his administrative appeals of that redesignation decision in accordance with the Redesignation Directive and Mandatory ADX Policy.

22.     Mr. Mikos, like the other plaintiffs discussed in ¶¶ 145-149 of the *Taylor II* complaint, has complex chronic medical conditions that require ongoing care, and that warrant placement in a BOP institution with a Medical Care Level of 3 or higher. ADX, which the BOP has assigned an Institutional Medical Care Level of 2, is unable to provide the level of medical care and treatment constitutionally required for Mr. Mikos's care.

23.     The transport to ADX alone presents substantial health risks to Mr. Mikos. ███

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████

24.     Mr. Mikos, like the other plaintiffs listed in Count 4, ¶ 190 of the *Taylor II* complaint, has been diagnosed with serious medical health conditions, and the allegations of Count 4 in its entirety are equally applicable to him.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff-Intervenors request that this Court grant the following relief:

(A)     Issue a judgment under 28 U.S.C. §§ 2201-02 declaring that the Redesignation Directive and Mandatory ADX Policy violate Plaintiff-Intervenors' rights under Article I, § 9; Article II, § 2; and the Fifth and Eighth Amendments to the United States Constitution; and that the Bondi Memo and Mandatory ADX Policy violate the Administrative Procedure Act, for the reasons and on the Counts set forth above;

(B)     Enter preliminary and permanent injunctive relief against all Defendants but the President and declaratory relief against all Defendants, including but not limited to enjoining the Bondi Memo and the Mandatory ADX Policy, and ordering

Defendants to assign Plaintiff-Intervenors to housing locations based on the designation decisions that had been reached prior to the issuance of the Redesignation Directive;

(C)    Award Plaintiff-Intervenors their costs and reasonable attorneys' fees under 28 U.S.C. § 2412, 5 U.S.C. § 504, and 42 U.S.C. § 12205, and any other applicable source of law; and

(D)    Grant any other and further relief this Court deems just, proper, and appropriate.

Dated: December 19, 2025
        New York, NY

Brian Stull, N.C. 36002*
Claudia Van Wyk, Penn. 95130**
**ACLU FOUNDATION**
201 W. Main St., Ste. 402
Durham, NC 27701
Tel: (919) 682-5659
bstull@aclu.org
cvanwyk@aclu.org


Corene T. Kendrick, Cal. 226642*
**ACLU FOUNDATION**
425 California St., Ste. 700
San Francisco, CA 94104
Tel: (202) 393-4930
ckendrick@aclu.org

Laura Rovner, Colo. 35592*
Nicole Godfrey, Colo. 41546
Miriam Kerler, Colo. 56575
**STUDENT LAW OFFICE**
**UNIVERSITY OF DENVER**
**STURM COLLEGE OF LAW**
2255 E. Evans Ave., Ste. 335
Denver, CO 80210
Tel: (303) 871-6140
laura.rovner@du.edu
nicole.godfrey@du.edu
miriam.kerler@du.edu


David C. Fathi, Wash. 24893*
Maria V. Morris, D.C. 1697904
Carmen Iguina González, D.C. 1644730
**ACLU FOUNDATION**
915 15th Street NW
Washington, DC 20005
Tel: (202) 393-4930
dfathi@aclu.org
mmorris@aclu.org
ciguinagonzalez@aclu.org

*Attorneys for Plaintiffs*

Respectfully submitted,

*/s/ David Patton*
David Patton*
Ian Robertson*
Krysta Kilinski*
**HECKER FINK LLP**
350 Fifth Ave, 63rd Floor
New York, NY 10118
Tel: (212) 763-0883
dpatton@heckerfink.com
irobertson@heckerfink.com
kkilinski@heckerfink.com


Sara Norman, Cal. 189536*
**LAW OFFICES OF SARA NORMAN**
P.O. Box 170462
San Francisco, CA 94117
Tel: (415) 236-3763
sara@saranormanlaw.com


C.J. Sandley, Ala. 5317-S48R*
Kayla Vinson, Ala. 3664-S48Q**
D. Korbin Felder, Miss. 106643**
**CENTER FOR CONSTITUTIONAL RIGHTS**
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6443
csandley@ccrjustice.org
kvinson@ccrjustice.org
kfelder@ccrjustice.org


Martin Totaro, D.C. 983193
**HECKER FINK LLP**
1050 K Street NW, Suite 1040
Washington, DC 20001
Tel: (202) 742-2661
mtotaro@heckerfink.com

*\* Admitted pro hac vice.*
*\*\* Pro hac vice application forthcoming.*