# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

REJON TAYLOR, *et al.*,

     *Plaintiffs,*

  v.

DONALD J. TRUMP, *et al.*, in their official capacities,

     *Defendants,*

    and

WESLEY COONCE, Reg. 30011-039
U.S.P. Terre Haute SCU-FCC
P.O. Box 33
Terre Haute, IN 47808

     *Proposed Plaintiff-
     Intervenor.*

Case No. 25 Civ. 3742 (TJK)

## [PROPOSED] COMPLAINT IN INTERVENTION
## FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff-Intervenor Wesley Coonce, by and through undersigned counsel, alleges as follows.

1. Mr. Coonce seeks declaratory and injunctive relief arising out of the Trump Administration's express targeting of the people who had recently received clemency from their federal death sentences, for categorical, unlawful, and unconstitutional punishment of incarceration in conditions of "monstrosity" at the Federal Bureau of Prisons ("BOP") supermax—the U.S. Penitentiary Florence Administrative Maximum Facility ("ADX") in Florence, Colorado.

2. Mr. Coonce is a plaintiff in *Taylor v. Trump*, No. 25 Civ. 1161 (D.D.C.)

("*Taylor I*"), which raises substantially similar claims as those raised by Plaintiffs in this action

("*Taylor II*"). In *Taylor I*, the Court denied plaintiffs' motion for a preliminary injunction based

on their failure to complete the BOP's administrative appeals process for redesignations to ADX.

*Taylor I*, 788 F. Supp. 3d at 8-13. Plaintiffs in *Taylor II* subsequently completed the administrative

appeals process, voluntarily dismissed their claims in *Taylor I*, and commenced this action. Mr.

Coonce, having now completed the administrative appeals process, seeks to intervene in *Taylor II*.

Assuming Mr. Coonce's Motion to Intervene is granted, Mr. Coonce will promptly file a voluntary

dismissal in *Taylor I*.

3.      Mr. Coonce wishes to pursue the same claims Plaintiffs have asserted in *Taylor II*

and to receive the benefit of any relief that the Court may grant in *Taylor II*.[1] Mr. Coonce therefore

adopts by reference the allegations and legal claims asserted in the *Taylor II* Complaint, ECF 1,

with the following additions as necessary because of his personal circumstances.

4.      Mr. Coonce, age 45, was sentenced to death in 2014 by the U.S. District Court for

the Western District of Missouri. President Biden commuted Mr. Coonce's death sentence to life

without the possibility of parole on December 23, 2024.

5.      Plaintiffs and Defendants agree that Mr. Coonce has exhausted his administrative

appeals of his redesignation to ADX. *See Taylor I*, ECF 70.

6.      Mr. Coonce, like the other plaintiffs listed in ¶ 13 of the *Taylor II* Complaint, has

serious, diagnosed mental health conditions that require treatment and care far beyond what can

be provided at ADX. ████████████████████████

████████████████████████████████████████

---

[1] Mr. Coonce also intends to file a notice to join the *Taylor II* Plaintiffs' Motion for a Temporary Restraining Order, ECF 4. During the October 28, 2025, hearing, the Court expressed that, if time permitted, it intended "to convert the [Motion for a Temporary Restraining Order] to a [motion for a preliminary injunction] and grant or deny a [preliminary injunction]." Tr. at 68:14-17.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████

7.      While BOP preliminarily identified Mr. Coonce as a potential candidate for referral to ADX, ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████

8.      Nevertheless, Defendants BOP, William Marshall, Joshua J. Smith, Shane Salem, Erica Strong, and Andre Matevousian redesignated Mr. Coonce to ADX on or around June 3, 2025, and have denied all his administrative appeals of that redesignation decision in accordance with the Redesignation Directive and Mandatory ADX Policy.

9.      Mr. Coonce, like Plaintiffs listed in ¶ 136 of the *Taylor II* Complaint, has been diagnosed with mental health conditions that constitute serious mental illness under BOP policy.

10.     Mr. Coonce, like Plaintiffs listed in ¶ 156 of the *Taylor II* Complaint, has serious mental health conditions and cognitive impairments and faces significant short-term and long-terms risks of harm from the transportation process to ADX.

11.     Mr. Coonce, like Plaintiffs listed in Count 4, ¶ 190 of the *Taylor II* Complaint, has been diagnosed with serious mental health conditions, and the allegations of Count 4 in its entirety are equally applicable to him.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Coonce requests that this Court grant the following relief:

(A)     Issue a judgment under 28 U.S.C. §§ 2201-02 declaring that the Redesignation Directive and Mandatory ADX Policy violate Mr. Coonce's rights under Article I, § 9; Article II, § 2; and the Fifth and Eighth Amendments to the United States Constitution; and that the Bondi Memo and Mandatory ADX Policy violate the Administrative Procedure Act, for the reasons and on the Counts set forth above and in the *Taylor II* Complaint;

(B)     Enter preliminary and permanent injunctive relief against all Defendants but the President and declaratory relief against all Defendants, including but not limited to enjoining the Bondi Memo and the Mandatory ADX Policy, and ordering Defendants to assign Mr. Coonce to a housing location based on the designation decision that had been reached prior to the issuance of the Redesignation Directive;

(C)     Award Mr. Coonce his costs and reasonable attorneys' fees under 28 U.S.C. § 2412, 5 U.S.C. § 504, and 42 U.S.C. § 12205, and any other applicable source of law; and

(D)     Grant any other and further relief this Court deems just, proper, and appropriate.

Dated: January 15, 2026
        New York, NY

Brian Stull, N.C. 36002*
Claudia Van Wyk, Penn. 95130**
**ACLU FOUNDATION**
201 W. Main St., Ste. 402
Durham, NC 27701
Tel: (919) 682-5659
bstull@aclu.org
cvanwyk@aclu.org


Corene T. Kendrick, Cal. 226642*
**ACLU FOUNDATION**
425 California St., Ste. 700
San Francisco, CA 94104
Tel: (202) 393-4930
ckendrick@aclu.org

Laura Rovner, Colo. 35592*
Nicole Godfrey, Colo. 41546
Miriam Kerler, Colo. 56575
**STUDENT LAW OFFICE**
**UNIVERSITY OF DENVER**
**STURM COLLEGE OF LAW**
2255 E. Evans Ave., Ste. 335
Denver, CO 80210
Tel: (303) 871-6140
laura.rovner@du.edu
nicole.godfrey@du.edu
miriam.kerler@du.edu

David C. Fathi, Wash. 24893***
Maria V. Morris, D.C. 1697904
Carmen Iguina González, D.C. 1644730
**ACLU FOUNDATION**
915 15th Street NW
Washington, DC 20005
Tel: (202) 393-4930
dfathi@aclu.org
mmorris@aclu.org
ciguinagonzalez@aclu.org

*Attorneys for Plaintiffs*

Respectfully submitted,

*/s/ David Patton*
David Patton*
Ian Robertson*
Krysta Kilinski*
**HECKER FINK LLP**
350 Fifth Ave, 63rd Floor
New York, NY 10118
Tel: (212) 763-0883
dpatton@heckerfink.com
irobertson@heckerfink.com
kkilinski@heckerfink.com


Sara Norman, Cal. 189536*
**LAW OFFICES OF SARA NORMAN**
P.O. Box 170462
San Francisco, CA 94117
Tel: (415) 236-3763
sara@saranormanlaw.com


C.J. Sandley, Ala. 5317-S48R*
Kayla Vinson, Ala. 3664-S48Q**
D. Korbin Felder, Miss. 106643**
**CENTER FOR CONSTITUTIONAL RIGHTS**
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6443
csandley@ccrjustice.org
kvinson@ccrjustice.org
kfelder@ccrjustice.org



Martin Totaro, D.C. 983193
**HECKER FINK LLP**
1050 K Street NW, Suite 1040
Washington, DC 20001
Tel: (202) 742-2661
mtotaro@heckerfink.com

*\* Admitted pro hac vice.*
*\*\*Pro hac vice application pending.*
*\*\*\* Not admitted in D.C; practice limited to*
*federal courts. Admitted pro hac vice.*