**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| REJON TAYLOR et al., | |
| *Plaintiffs*, | |
| and | |
| DAVID RUNYON et al., | Civil Action No. 25-3742 (TJK) |
| *Plaintiff-Intervenors*, | |
| v. | |
| DONALD J. TRUMP et al., | |
| *Defendants*. | |

## ORDER

On May 8, 2026, Defendants provided notice to the Court that the Department of Justice had "vacated Plaintiffs' prior designations" to ADX Florence and that Acting Attorney General Todd Blanche would instead personally make "a 'final individualized determination' of redesignation for each Plaintiff." ECF No. 87 at 1–2. Attached as an exhibit to Defendants' "Notice of Vacatur" was a compilation of individualized letters the Acting Attorney General sent to Plaintiffs. *See* ECF No. 87-3. Along with the above, the letters also informed each Plaintiff that the Acting Attorney General had made a presumptive, non-final determination that each should be transferred to ADX Florence and the reasons for that determination, including information about each Plaintiff's criminal convictions and activity. *See* ECF Nos. 87, 87-3.

Plaintiffs move to seal the exhibit. *See* ECF Nos. 88, 89-1. They argue that the details of their past crimes are "virtually irrelevant to their claims" in this suit, "not needed for the public's understanding of the case," and "false" as to allegations in several letters. ECF No. 88-2 at 3–4,

7. They add that having "false and misleading characterizations of their criminal history" on the public docket violates their privacy interests and may cause some of them prejudice in ongoing state-court proceedings. *Id.* at 5–6.

Defendants object to Plaintiffs' proposed sealing. *See* ECF No. 91-1. They emphasize the "strong presumption" in favor of public access to judicial proceedings, that the letters contain information "already in the public domain," and the minimal privacy interests that Plaintiffs have in their "criminal histories." *Id.* at 14–16. They also counter that the "inaccurac[ies]" identified by Plaintiffs are "vastly overblown" and not "materially false." *Id.* at 17, 19.

To determine whether a document should be sealed, courts in this Circuit apply a six-factor balancing test from *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980). The six factors are:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*EEOC v. Nat'l Child.'s Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *Hubbard*, 650 F.2d at 317–22). The balancing test does not operate on a level playing field; "there is a 'strong presumption in favor of public access to judicial proceedings.'" *Metlife, Inc. v. Fin. Stability Oversight Council,* 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *Hubbard*, 650 F.2d at 317).

For the reasons explained below, Court declines to seal the letters and so will deny Plaintiffs' motion. The third factor supports sealing simply because Plaintiffs have moved to seal. But as for the remaining five, Defendants have the better argument, especially given the thumb on the scale in favor of public access.

The first *Hubbard* factor is the need for public access to the documents at issue.  Plaintiffs challenge the process Defendants are employing to redesignate them to ADX Florence.  ECF No. 1 ¶¶ 7–8.  The letters in the exhibit at issue informed each Plaintiff that the Acting Attorney General had begun that process anew, and that the specific information to which Plaintiffs object— details about their criminal convictions and activity—provided the factual basis for his presumptive, non-final determination, at the beginning of this new process, why each should be redesignated to ADX Florence.  This information is relevant to the "contours of the disputes between the parties," so there is at least some need for public access to the exhibit; this factor weighs modestly against sealing.  *Hyatt v. Lee*, 251 F. Supp. 3d 181, 184 (D.D.C. 2017).  The second factor is the extent to which the public has already had access to the documents.  This information about Plaintiffs' criminal convictions and activity—the information they seek to seal—has long been in the public domain in connection with their criminal cases; indeed, some of it is pulled directly from public judicial opinions.  Thus, this previous—and ongoing—public access weighs very heavily against sealing.  For the same reason, Plaintiffs' privacy interest in the information is minimal under the fourth factor, and the prejudice to them in keeping the letters public is minimal under the fifth factor.  Finally, as noted above, the information to which Plaintiffs object was introduced into the record to document the Acting Attorney General's reasons for his presumptive decision to redesignate Plaintiffs to ADX Florence, so the sixth factor does not in and of itself suggest sealing is warranted.

Plaintiffs assert that several statements in the Acting Attorney General's letters are inaccurate.  They say that these inaccuracies increase the risk of prejudice they face in ongoing or "future litigation" under factor five and therefore weigh in favor of sealing.  ECF No. 88-2 at 7–8 (quoting *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 60 (D.D.C. 2009)).  The Court agrees with Plaintiffs

that some of the information in the letters relating to their criminal convictions and activity appears inaccurate. Plaintiffs point out that the letter to Brandon Basham asserted that, among other things, he raped two women, and it implied that those rapes were a reason why a capital sentence was originally imposed on him.[1]  ECF No. 87-3 at 2–3.  But at Basham's trial, "[n]o evidence was proffered . . . that Basham raped either victim." *United States v. Basham*, 561 F.3d 302, 314–15, 327 (4th Cir. 2009).  Chadrick Fulks's letter states that he was "incarcerated for charges relating to first degree sexual abuse of a child 12 or younger." ECF No. 87-3 at 11.  But Fulks was apparently charged with "first degree abuse of a child aged twelve years or younger," which is not a sexual offense.  *United States v. Fulks*, 454 F.3d 410, 414 (4th Cir. 2006).  The letter to Daryl Lawrence accuses him of having "murdered a law enforcement officer by shooting him seven times during a bank robbery."  ECF No. 87-3 at 29.  Yet a public judicial opinion reflects that Lawrence "fired seven shots *at*" the officer, hitting him only once.  *United States v. Lawrence*, 735 F.3d 385, 415–16, 425 (6th Cir. 2009) (emphasis added).  The letter to James Roane accuses him of being responsible for "at least five" murders, ECF No. 87-3 at 38, even though he was apparently "only charged and convicted of four," *see* ECF No. 93-2 at 9.  Finally, the letter to Iouri Mikhel asserts that he attempted to escape detention "after the penalty phase of [his] trial."  ECF No. 87-3 at 33.  But Mikhel supposedly attempted to escape earlier, during "pre-trial" proceedings. ECF No. 93-2 at 10.

The problem with Plaintiffs' argument is that, even if these assertions miss the mark, they

---

[1] Basham is not a party here; he is the sole remaining plaintiff in the companion case, *Taylor v. Trump*, Dkt. No. 25-cv-1161, and Plaintiffs represent that "Basham intends to move to intervene in this litigation and to join in this motion to seal as soon as counsel can prepare the papers." ECF No. 88-2 at 7 n.2. Defendants agree that Basham is "relevant to the instant dispute." ECF No. 91-1 at 9 n.4. The Court therefore discusses Basham's letter with the rest.

do not miss by much.  Thus, the Court fails to see how they could move the needle on potential prejudice so dramatically as to warrant sealing, especially when considered in context.  For example, even assuming Plaintiffs are right that the Government did not introduce evidence of the rapes in either the guilt or the penalty phase of Basham's trial, it appears from other public judicial opinions that his co-defendant Fulks told the FBI that Basham committed them; Fulks also appears to have repeated those statements to the court in pleading guilty.  *See United States v. Fulks*, 120 F.4th 146, 150, 163 (4th Cir. 2024) (stating that "Basham then decided to rape Burns" and that "Basham carjacked Alice Donovan . . . raped her, and killed her."); *United States v. Fulks*, 454 F.3d 410, 415–18 (4th Cir. 2006) (describing detailed statements Fulks made to the FBI implicating Basham in both rapes, and noting that Fulks's admission in connection with his guilty plea "tracked his 2003 statements to the FBI").  So even if Plaintiffs are right that the letter wrongfully suggests that Basham's capital sentence was based on evidence that he committed the rapes, the letter is hardly "the first time this unfounded and highly prejudicial allegation [of rape] has been made public," as Plaintiffs assert.  ECF No. 88-2 at 7.  Similarly, while Fulks was not charged with sexual abuse of a child, the abuse Fulks meted out was in part through "striking [the child's] testicles" and "burning his genital area," making the mischaracterization perhaps somewhat understandable.  *Fulks v. United States*, 875 F. Supp. 2d 535, 542 n.3 (D.S.C. 2010).

The Court also fails to see how the remaining mistakes as to Lawrence, Roane, and Mikhel would "pose serious risks to [their] safety and their ability to receive a fair trial in any forthcoming state capital prosecutions."  ECF No. 88-2 at 8.  In the context of all the criminal activity reflected in the letters, the distinctions between whether Lawrence shot the police officer he killed seven times or shot *at* him seven times; whether Roane committed five murders or four; and whether Mikhel attempted to escape during his trial or beforehand, do not come close to suggesting a risk

5

of prejudice so high that the "strong presumption in favor of public access to judicial proceedings" is overcome.  *Hubbard*, 650 F.2d at 317.

For all these reasons, it is hereby **ORDERED** that Plaintiffs' Motion to Seal, ECF No. 89, is **DENIED**.  And because the Court has now concluded that the information at issue should remain public, the motions from both parties seeking to file documents reflecting the same information under seal shall follow suit.  Thus, it is further **ORDERED** that Plaintiffs' Sealed Motion for Leave to File Document Under Seal, ECF No. 88, Defendants' Sealed Motion for Leave to File Document Under Seal, ECF No. 91, and Plaintiff's Sealed Motion for Leave to File Document Under Seal, ECF No. 93, are **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: June 30, 2026

6